UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THOMAS DePOLITO, | : | CIVIL ACTION NO. 3:CV-14-2414 |
| Petitioner | : | (Judge Nealon) |
| v. | : | |
| PENNSYLVANIA BOARD OF PROBATION AND PAROLE | : | |
| Respondent | : | |

# MEMORANDUM

Thomas DePolito, an inmate formerly confined[1] at the State Correctional Institution, Dallas ("SCI-Dallas"), Pennsylvania, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). DePolito challenges a decision by the Pennsylvania Board of Probation and Parole ("the Board") to recalculate his parole maximum date. The petition is ripe for disposition. For the reasons that follow, the petition will be dismissed.

**Background**

On April 27, 1989, after being found guilty of Aggravated Assault, Firearm not to be Carried without a License and Possession of a Controlled

---

[1]Petitioner currently resides at 19 Bruce Street, Port Jervis, New York.

Substance, the Court of Common Pleas of Pike County sentenced DePolito to a 12 year, 6 month, to 25 year term of incarceration. (Doc. 6-1 at 2, Sentence Status Summary). The original minimum and maximum dates for this sentence were March 1, 2001 and August 26, 2013, respectively. Id.

On July 16, 2003, the Board paroled DePolito from this sentence to an approved home plan with his brother in North Lauderdale, Florida. (Doc. 6-1 at 6, Order to Release on Parole/Reparole).

On September 25, 2007, Depolito was arrested and charged with the crime of Grand Theft in the 3rd Degree in the State of Florida. (Doc. 6-1 at 10, Criminal Arrest and Disposition Report).

On November 18, 2008, Depolito was convicted of the Crime of Grand Theft in the 3rd Degree in Broward County, Florida and sentenced to a 45 day term of incarceration. (Doc. 6-1 at 12, Judgment).

On May 21, 2009, upon learning of the Florida conviction, the Board lodged its warrant against Depolito for violating his parole. (Doc. 6-1 at 14, Warrant).

On June 8, 2009, DePolito was arrested by the Coral Springs, Florida Police Department for violating his parole but was also charged with the crime of

Obstruction – Resisting without Violence. (Doc. 6-1 at 16, Arrest Complaint).

On February 22, 2010, Depolito was convicted of the crime of Disorderly Conduct in Broward County, Florida and sentenced to 525 days of incarceration. (Doc. 6-1 at 18, Broward County Court Disposition Order).

On February 25, 2010, the Board issued an administrative decision to return Depolito as a convicted parole violator and schedule a revocation hearing. (Doc. 6-1 at 20, Administrative Action).

On March 2, 2010, Depolito was returned to the Pennsylvania Department of Corrections custody. (Doc. 6-1 at 22, Pa. Dept. of Corr. Moves Report).

On March 17, 2010, Depolito signed the Board's Notice of Charges and Hearing (PBPP 257-N form), informing him of the charges filed against him. (Doc. 6-1 at 24, Notice of Charges and Hearing). That same date, Petitioner also signed a waiver of his representation by counsel, waiver of his right to a panel hearing, a waiver of his right to a revocation hearing and admission form admitting to the committing the crimes of Grand Theft in the 3rd Degree and Disorderly Conduct in the State of Florida while on parole. (Doc. 6-1 at 26, Waiver of Revocation Hearing and Counsel/Admission Form).

By decision mailed June 22, 2010, the Board recommitted Depolito as a

convicted parole violator to serve 9 months backtime for committing the crimes of Grand Theft and Disorderly Conduct while on parole.  (Doc. 6-1 at 30, Notice of Board Decision).  The Board also recalculated Depolito's maximum sentence date to be April 4, 2020.  Id. Finally, the Board informed Petitioner that if he wished to appeal the decision, he must file a request for administrative relief with the Board within thirty (30) days of the Board's decision.  Id.

On May 24, 2012, almost two years after the Board's recalculation decision, Petitioner filed a request for administrative review, requesting the Board "recalculate time credit withdrawn and /or modify its decision to state a term not in excess of the original maximum sentence imposed by the Court."  (Doc. 6-1 at 35, Request for Administrative Review).

By decision mailed June 11, 2012, the Board dismissed Petitioner's request for administrative review as untimely, stating the following:

> This is in response to your correspondence received on May 3, 2012 (postmarked 05/18/2012) which seeks information and/or relief from the max date April 4, 2020 as first established in the decision mailed June 22, 2010 (recorded 06/16/2010).  In your petition you challenge the Board's ability to extend your parole violation maximum date.
>
> The Board regulation authorizing administrative relief states that appeals/petitions must be received at the Board's central

>office within 30 days of the mailing date of the Board's determination. Your current request for relief was not received or submitted within 30 days of the decision in question. Therefore, your request for relief cannot be accepted because it is untimely.
>
>Purely for your information, you were arrested September 25, 2007 by Florida State Authorities and convicted on February 22, 2010 in Broward County Florida. With the above facts in mind, as a convicted parole violator you automatically forfeited credit for all of the time that you spent on parole. *See* 61 P.S. § 6138(a)(2). You are not entitled to a back time served credit (i.e. time that you were held solely on the Board's warrant prior to your recommitment order) because you were never incarcerated solely on the Board's warrant. *See Gaito v. Pa. Board of Probation and Parole*, 412 A.2d 568 (Pa. 1980). Furthermore, the Parole Act mandates that your parole time be added to your original maximum sentence date as a recommitted convicted parole violator. *See Jackson v. Pa. Board of Probation and Parole,* 781 A.2d 239 (Pa. Cmwlth 2001).
>
>Accordingly, your petition is DISMISSED as UNTIMELY.

(Doc. 6-1 at 41, June 11, 2012 Response) (emphasis in original).

On August 14, 2013, Depolito filed a petition for review in the Commonwealth Court challenging the Board's recalculation of his maximum sentence date. (Doc . 6-1 at 43, Commonwealth Court Docket Sheet).

On August 27, 2013, the Commonwealth Court issued a decision dismissing Depolito's petition for review for lack of jurisdiction. (Doc. 6-1 at 46,

5

Order).

On October 26, 2013, Depolito filed an application for leave to file original process and a petition for writ of mandamus in the Pennsylvania Supreme Court's original jurisdiction challenging the Board's recalculation of his maximum sentence date. (Doc. 6-1 at 48, Application for Leave to File Original Process).

By Order dated January 13, 2014, the Pennsylvania Supreme Court denied Depolito's mandamus petition. (Doc. 6-1 at 60, Order).

On December 19, 2014, Depolito filed the instant petition for writ of habeas corpus, again challenging the Board's decision to recommit him as a parole violator and recalculate his maximum sentence date to April 4, 2020. (Doc. 1, petition).

**Discussion**

Respondent seeks dismissal of the petition based on DePolito's failure to seek final administrative review and exhaust his state court remedies. Absent unusual circumstances, federal courts will not consider the merits of a claim for habeas corpus unless the petitioner has complied with the exhaustion requirement set out at 28 U.S.C. § 2254(b)(1)(A). This provision requires that the petitioner give the state courts a fair opportunity to review his allegations of constitutional error before

seeking relief in the federal court. See Baldwin v. Reese, 541 U.S. 27, 29 (2004). Pursuant to the habeas statute, a petitioner has not exhausted the remedies available in the courts of the state "if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

To properly exhaust a claim involving a determination by the Parole Board, the petitioner must first seek administrative review with the Parole Board within thirty days of the mailing date of the Board's decision. See 37 Pa.Code § 73.1(a). Once the Parole Board has rendered a final decision, the petitioner must seek review in the Commonwealth Court. See 42 Pa.C.S.A. § 763(a). Unlike appeals and collateral review of convictions, a petitioner challenging the Commonwealth Court's denial of parole relief must seek review in the Pennsylvania Supreme Court in order to satisfy the exhaustion requirement. Pagan v. Pennsylvania Bd. of Prob. and Parole, 2009 WL 210488 *3 (E.D.Pa. January 22, 2009); see also Brown v. Pennsylvania Bd. of Prob. and Parole, 2010 WL 2991166 (E.D.Pa. July 28, 2010). If the petitioner fails to seek review from the Supreme Court of Pennsylvania, then the state claim is unexhausted. See Williams v. Wynder, 232 Fed. App'x. 177, 181 (3d Cir.2007).

The record reveals that Petitioner failed to seek administrative review

with the Parole Board within thirty days of the mailing date of the Board's decision recalculating his maximum date. Although the Board's June 22, 2010 decision notified DePolito of his right to appeal within thirty days, the record reveals that Petitioner took no action until May 24, 2012, almost two years after the Board's decision, to file a petition for administrative review challenging that decision. Consequently, DePolito's failure to timely submit a request for administrative relief resulted in the Board dismissing DePolito's petition for administrative review as untimely. Thus, DePolito denied the Board the opportunity to address his claims and, as such, his claims were not "fairly presented" at the state level. Because Petitioner denied the Board the opportunity to address his recalculation claim, he waived his right to judicial review of the recalculation decision under Pennsylvania law. See 2 Pa. C.S. § 703(a); Pa. R.A.P. 1551(a); McCaskill v. Pennsylvania Board of Probation and Parole, 158 Pa. Commw. Ct. 450, 631 A.2d 1092 (1993); Newsome v. Pennsylvania Board of Probation and Parole, 123 Pa. Commw. Ct. 413, 553 A.2d 1050 (1989).

      Moreover, Petitioner's claim in the instant petition is now time-barred under state law as the time for filing a petition for review with the Commonwealth Court has also expired. See Pa.R.A.P. 903(a)(notice of appeal shall be filed within

thirty days after the entry of the order from which the appeal is taken). A such, Petitioner is in procedural default for failure to comply with the state filing requirement. See Coleman v. Thompson, 501 U.S. 722, 735 n. 1 (1991).

"Procedurally defaulted claims cannot be reviewed unless the petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Brown v. Pennsylvania Bd. of Prob. and Parole, 2010 WL 3025617 *2 (E.D.Pa. June 7, 2010) (internal quotations omitted). To demonstrate cause for a procedural default, the petitioner must show that some objective external factor impeded petitioner's efforts to comply with the state's procedural rule. Murray v. Carrier, 477 U.S. 478, 488 (1986). "Prejudice" will be satisfied if the habeas petition shows that the outcome was "unreliable or fundamentally unfair" as a result of a violation of federal law. Lockhart v. Fretwell, 506 U.S. 364, 366 (1993). In order to demonstrate a fundamental miscarriage of justice, a petitioner must show that he is actually innocent of the crime by presenting new evidence of innocence. Schlup v. Delo, 513 U.S. 298 (1995); Keller v. Larkins, 251 F.3d 408, 415 (3d Cir.) cert. denied, 122 S.Ct. 396 (2001).

The Petitioner, however, has not alleged cause or prejudice. Nor has he

9

demonstrated his actual innocence such that a lack of review by the court will constitute a fundamental miscarriage of justice. Accordingly, DePolito's challenge to the decision of the Pennsylvania Board of Probation and Parole must be rejected on the ground that he failed to pursue those issues administrative with the agency, or in the state courts, and has not established appropriate grounds for this Court to consider his claims in the first instance. Consequently, the petition for writ of habeas corpus will be dismissed for failure to seek final administrative review and exhaust state court remedies. An appropriate order will follow.

Dated: February 2, 2017 /s/ William J. Nealon
**United States District Judge**

# UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THOMAS DePOLITO, | : | CIVIL ACTION NO. 3:CV-14-2414 |
| Petitioner | : | (Judge Nealon) |
| v. | : | |
| PENNSYLVANIA BOARD OF PROBATION AND PAROLE | : | |
| Respondent | : | |

## ORDER

**NOW, THIS 2nd DAY OF FEBRUARY, 2017,** for the reasons set forth in the Memorandum of this date, **IT IS HEREBY ORDERED THAT:**

1. The petition for writ of habeas corpus is **DISMISSED.**

2. The Clerk of Court is directed to **CLOSE** this case.

3. There is no basis for the issuance of a certificate of appealabilty.  See 28 U.S.C. § 2253(c).

      /s/ William J. Nealon
**United States District Judge**